WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Hand Promotions Incorporated, | No. CV-19-01906-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Angelica Gonzalez, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Count 1 of the Complaint. (Doc. 9.) The Motion is fully briefed. For the following reasons, the Motion to Dismiss Count 1 is **denied without prejudice**.

**I.    BACKGROUND**

Plaintiff Joe Hand Promotions, Inc. is a Pennsylvania company that specializes in distributing and licensing premier sporting events to commercial establishments. (Doc. 1 at 3.) Plaintiff had exclusive rights to commercially distribute the audiovisual presentation of the "high-profile" Mayweather, Jr. vs. Conor McGregor boxing match (the "Match") that occurred on August 26, 2017. (*Id.* at 3, 6.)

Defendant Angelica Gonzalez, an Arizona resident, owns and operates the Defendant business entities: Taco Mich & Bar, LLC; Taco Mich & Bar 2, LLC; Taco Mich & Bar 3, LLC; and Taco Mich & Bar 4, LLC. (Doc. 1 at 4.) The four Taco Mich & Bar establishments are in Arizona. (*Id.*)

In a Complaint filed March 22, 2019, Plaintiff alleges (Count 1) that Defendants unlawfully exhibited the Match in their commercial establishments through the interception and receipt of a cable/and or interstate satellite signal, without paying the proper commercial license fees to Plaintiff. (Doc. 1 at 6-7.) Plaintiff asserts (Doc. 1 at 5) that Defendants intentionally pirated the Match for their own economic gain by either intercepting and redirecting cable or satellite service from a nearby residence, by registering their business location as a residence, by physically moving a cable or satellite receiver from a residence to their business, or by obtaining the Match in violation of the terms of their television service provider agreement. (*Id*.) Count 1 of the Complaint alleges that Defendants' unauthorized exhibition of the Match violated 47 U.S.C. § 605 (Satellite Piracy) and in the alternative, to the extent necessary, 47 U.S.C. § 553 (Cable Piracy).[1] (Doc. 1 at 7.)

No Defendant filed an answer to Plaintiff's Complaint. Instead, on May 30, 2019, Defendants Gonzales, Taco Mich & Bar 2, LLC, Taco Mich & Bar 3, LLC, and Taco Mich & Bar 4, LLC[2] filed a Motion to Dismiss Count 1, pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's claim under Count 1 was filed outside the statute of limitations. (Doc. 9.) Plaintiff filed a Response (Doc. 10) and the moving Defendants filed a Reply. (Doc. 11.)

**II. LEGAL STANDARDS AND ANALYSIS**

    **A. Rule 12(b)(6)**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) seeks dismissal of a claim against a party based on the averments made in the complaint. A statute-of-limitations defense may be raised in a Rule 12(b)(6) motion only if the running of the statute is apparent on the face of the complaint. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "Dismissal on statute of limitations

---

[1] Count 2, which is not the subject of the moving Defendants' motion, alleges Copyright Infringement in violation of 17 U.S.C. §§ 106 and 501. (Doc. 1 at 7-8.)

[2] Whether intentionally or inadvertently, Defendant Taco Mich & Bar—E. McDowell Road did not join in the Motion to Dismiss.

grounds can be granted pursuant to Fed. R. Civ. P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (internal citations omitted). Where a party alleges in a motion to dismiss that an action is barred under the statute of limitations, the court's task is only to determine whether the claimant has pleaded facts that show it is time barred. *See Smith ex rel. Estates of Boston Chicken, Inc. v. Arthur Andersen L.L.P.*, 175 F.Supp.2d 1180, 1198 (D. Ariz. 2001). Where there is a question of fact as to the applicability of the statute of limitations, the motion to dismiss should be denied. *Id.*

### B. Arizona's one-year statute of limitations applies.

Count 1 alleges violations of 47 U.S.C. § 605 (Satellite Piracy) and in the alternative, to the extent necessary, 47 U.S.C. § 553 (Cable Piracy). Neither statute contains or references its own statute of limitations. Defendants therefore urge the Court to borrow and apply Arizona's one-year statute of limitations to Plaintiff's claims in Count 1 (Doc. 9 at 3), while Plaintiff urges the Court to apply the two-year limitations period under the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2510-2521. (Doc. 10 at 4.) For reasons that follow, the Court finds that Arizona's one-year statute of limitations applies.

When a federal statute does not have its own statute of limitations, courts are directed to borrow a period from the forum state's analogous state law. *DirecTV, Inc. v. Webb*, 545 F.3d 837, 847 (9th Cir. 2008). Analogous state law is the "lender of first resort" when a federal statute fails to provide a limitations period for a cause of action. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 33-34 (1995). Federal law is limited to "serving as a 'secondary lender' of limitations periods to be used only as a 'closely circumscribed' exception to the general preference for state law." *DirecTV, Inc.*, 545 F.3d at 847 (citing *North Star*, 515 U.S. at 34). Borrowing from the forum state's law is the general rule, and a court may only deviate from that rule where "borrowing a state statute of limitations would 'frustrate or interfere with the implementation' of federal law," or where policy

concerns and the practicalities of litigation make borrowing the analogous federal law's limitations period *significantly* more appropriate. *DirecTV, Inc.*, 545 F.3d at 847 (citing *North Star*, 515 U.S. at 34 and *Lampf v. Gilbertson*, 501 U.S. 350, 356 (1991)).

Here, Defendants argue that 47 U.S.C. § 605 (Satellite Piracy) and 47 U.S.C. § 553 (Cable Piracy) are closely analogous to Arizona statutes A.R.S. § 13-3709 (Obtaining Cable Television and Video Services Fraudulently) and A.R.S. § 13-3710 (Obtaining Subscription Television Services), and that therefore the Court should apply Arizona's one-year statute of limitations to Count 1. (Doc. 9 at 4); *see also* A.R.S. § 12-541(5) (one-year statute of limitations for actions upon a liability created by statute, other than a penalty or forfeiture). In support of their position, Defendants cite (Doc. 9 at 4-5) *DirecTV, Inc. v. Webb*, where the Ninth Circuit affirmed the Central District of California's application of California's one-year limitation period to Satellite Piracy claims brought under 47 U.S.C. § 605.

Plaintiff responds (Doc. 10 at 3) that "for fifteen years" the District of Arizona has applied a two-year statute of limitations to claims under 47 U.S.C. § 605 (Satellite Piracy), borrowing the two-year limitations period from the ECPA, instead of the one-year limitations period from analogous Arizona statutes.[3] *See In re Cases Filed by DIRECTV, Inc.*, 344 F.Supp.2d 647, 661 (D. Ariz. 2004). Plaintiff maintains (Doc. 10 at 4) that the Ninth Circuit's subsequent ruling in *DirecTV, Inc. v. Webb* does not alter the Arizona District Court's reasoning in *In re Cases Filed by DIRECTV*. The Court disagrees with Plaintiff's reading of the Ninth Circuit's holding in *DirecTV, Inc. v. Webb*.

Preliminarily, like the Arizona District Court in *In re Cases Filed by DIRECTV*, the Court finds that A.R.S. §§ 13-3709 and 13-3710 are close state-law analogues to 47 U.S.C. §§ 553 and 605. *See In re Cases Filed by DIRECTV*, 344 F.Supp.2d at 659 (finding Arizona's statutes a close analogue to 47 U.S.C. § 605 before addressing policy and litigation concerns). Each of the four statutes prohibits the unauthorized reception of cable

---

[3] As far as this Court can tell, it would be more accurate to say that there was one published ruling on this issue from the District of Arizona, and that it was issued fifteen years ago.

services. Specifically, A.R.S. § 13-3709(A) prohibits the "unauthorized connection" to any "cable . . . or other component of a licensed cable television system or licensed video network" with the "intent to defraud another of any part of the lawful charge for services." A.R.S. § 13-3709(A). A.R.S. § 13-3710(A)(1) prohibits a person from attaching "any device . . . to a television set . . . for the purpose of intercepting or decoding any transmission by a duly licensed over-the-air subscription television service which the person is not authorized by the subscription television service to receive and decode." A.R.S. § 13-3710(A)(1). Section 605(a) makes it unlawful to "receiv[e], assist[] in receiving, transmit[], or assist[] in transmitting, any interstate or foreign communication by wire or radio" without authorization. 47 U.S.C. § 605(a). Likewise, 47 U.S.C. § 553(a)(1) makes it unlawful to "intercept or receive . . . any communications service offered over a cable system, unless specifically authorized to do so . . . ." 47 U.S.C. § 553(a)(1). Under each of these statutes, a person who has suffered injury arising under a violation of the statute may recover damages, injunctive relief, or both, as well as reasonable attorney fees. A.R.S. § 13-3709(E); A.R.S. § 13-3710(B); 47 U.S.C. § 605(e); 47 U.S.C. § 553(c). In sum, the Court finds that A.R.S. §§ 13-3709 and 13-3710 run parallel to 47 U.S.C. §§ 553 and 605, mirroring the federal statutes in purpose and structure.[4]

Unlike the district court in *In re Cases Filed by DIRECTV*, however, this Court finds that there are no policy concerns or practicalities of litigation that make borrowing the limitations period from federal law *significantly* more appropriate than borrowing the

---

[4] The Court also notes that California's Piracy Act, from which the Ninth Circuit upheld the one-year limitation period for claims brought under 47 U.S.C. § 605, is similar to Arizona's statutes, A.R.S. §§ 13-3709, 13-3710. *See* Cal.Penal Code §§593d-593e (unlawful to knowingly and willfully maintain unauthorized connection to service provider's system). Arizona's statutes are not limited in applicability to "the use of descrambling devices to alter the accessibility of cable service" as Plaintiff suggests. *Cf.* (Doc. 10 at 4) *with* A.R.S. § 13-3709(A) ("Any person who with the intent to defraud another of any part of the lawful charge for services . . . makes any unauthorized connection . . . **or** attaches any unauthorized device . . . to any . . . licensed cable television system . . . is guilty of a class 2 misdemeanor.") (emphasis added).

limitations period from Arizona law. The district court in *In re Cases Filed by DIRECTV* applied the ECPA's two-year limitation period for two reasons, both of which were later indirectly called into question by the Ninth Circuit in *DirecTV, Inc. v. Webb*. First, in *In re Cases Filed by DIRECTV, Inc.*, the district court's primary reason for applying the ECPA's two-year limitation period was the multi-state nature of actions under 47 U.S.C. § 605 and the perceived need for a uniform limitations period. 344 F.Supp.2d at 660-61 ("[T]he multi-state nature of piracy actions under 47 U.S.C. § 605 'indicates the desirability of a uniform federal statute of limitations.'") (internal citation omitted). In *DirecTV, Inc. v. Webb*, however, the Ninth Circuit cautioned that the need for a uniform federal limitations period does not dictate whether state or federal borrowing is appropriate; nor does it counsel against the application of a one-year statute of limitations period from state law. 545 F.3d at 851 (quoting *Lampf*, 501 U.S. at 357) (when "a uniform limitations period is appropriate, the court must [still] decide whether this period should be derived from a state or federal source"). Second, the district court in *In re Cases Filed by DIRECTV, Inc.* relied heavily on the "legislative history of both the ECPA and [47 U.S.C. § 605]" and found that Congress' intent for the two to "overlap in addressing satellite piracy" warranted the application of the ECPA's two-year statute of limitations to Plaintiff's claims under 47 U.S.C. § 605. 344 F.Supp.2d at 661-62. But the fact that signal piracy may give rise to liability under two federal statutes was insufficient justification for borrowing the federal limitations period over the state-law one in *DirecTV, Inc. v. Webb*. *See* 545 F.3d at 852 (comparing 47 U.S.C. § 605 and the Wiretap Act). In sum, the Court finds that the policy considerations relied upon by the district court in *In re Cases Filed by DIRECTV, Inc.* should give way to the more recent Ninth Circuit analysis in *DirecTV. Inc. v. Webb*.

Lastly, apart from policy considerations, Plaintiff urges the Court (Doc. 10 at 3-4) to apply the two-year period of limitations from the ECPA because, according to Plaintiff, (1) "Arizona precedent" establishes as much; and (2) "subsequent to the [*DirecTV, Inc. v. Webb*] decision, other courts within the Ninth Circuit have agreed that the ECPA's two-year limitation is proper." Neither argument is persuasive. District court opinions are

relevant for their persuasive authority, but this Court is not bound by the opinion of another judge of the same or different district. *See Starbuck v. City and County of San Francisco*, 556 F.2d 450, 457 n.13 (9th Cir. 1977). In any event, the only other district court case cited by Plaintiff does not mention, much less distinguish, the Ninth Circuit's decision in *DirecTV, Inc. v. Webb*. *See* (Doc. 10 at 4) (citing *Joe Hand Promotions, Inc. v. Jacobson*, 874 F.Supp.2d 1010, 1015 (D. Or. 2012), which relied solely on an order of the same court that pre-dated *DirecTV v. Webb* to apply the ECPA's two-year statute of limitations). Neither "Arizona precedent" nor another district court's reliance on cases decided prior to *DirecTV, Inc. v. Webb* alters the Court's analysis in this case.

For the reasons stated above, the Court concludes that the one-year statute of limitations in A.R.S. § 12-541(5)[5] applies to Plaintiff's claims under 47 U.S.C. §§ 553 and 605.

### C. Plaintiff did not plead facts from which the Court could conclude when Plaintiff's claims accrued.

Having decided that a one-year statute of limitations applies to Plaintiff's claims under 47 U.S.C. §§ 553 and 605, the Court must next determine when Plaintiff's claims accrued. *DirecTV, Inc.*, 545 F.3d at 852. Under federal law, "a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (citing *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006)). Here, the Complaint was filed March 22, 2019. (Doc. 1.) Plaintiff's causes of action in Count 1 are based on Defendants' alleged unauthorized interception and exhibition of the Match, which aired on August 26, 2017.[6] (Doc. 1 at 3.) Plaintiff does not allege, however, the date on which Plaintiff discovered Defendants' alleged violations of 47 U.S.C. §§ 553 and/or 605. Because a decision as to the accrual date of the one-year

---

[5] Because the Court finds that A.R.S. §§ 13-3709 and 13-3710 are substantively analogous to 47 U.S.C. §§ 553 and 605, nothing forecloses the Court from borrowing the "catchall" statute of limitations in A.R.S. § 12-541(5). *See DirecTV, Inc. v. Webb*, 545 F.3d at 849.

[6] Plaintiff asserts that the Match was a "Pay-Per-View" event that occurred on August 26, 2017 (Doc. 1 at 5). While the Court assumes that the alleged unauthorized interception and exhibition of the Match occurred on August 26, 2017, Plaintiff does not specifically allege the date on which Defendants allegedly pirated the program.

- 7 -

statute of limitations requires facts outside of those in the Complaint, Defendants' Motion to Dismiss is denied without prejudice.

Accordingly,

**IT IS ORDERED** denying without prejudice the Motion to Dismiss (Doc. 9) filed by Defendants Gonzalez, Taco Mich & Bar 2, Taco Mich & Bar 3, and Taco Mich & Bar 4.[7]

Dated this 5th day of November, 2019.

Michael T. Liburdi
United States District Judge

---

[7] The issues have been fully briefed and oral argument would not have aided the Court's decision. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).